## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT W. PEAK and CINDY J. HURRELBRINK PEAK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZION OIL & GAS, INC., VICTOR G. CARRILLO, and MICHAEL B. CROSWELL, JR.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 3:18-cv-2067**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs Robert W. Peak & Cindy J. Hurrelbrink Peak (collectively, "Plaintiffs"), individually and on behalf of all other persons similarly situated, by Plaintiffs' undersigned attorneys, for Plaintiffs' complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiffs' attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Zion Oil & Gas, Inc. ("Zion" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Zion securities between

March 12, 2018 through July 10, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Zion operates as an oil and gas exploration company in Israel. Zion currently holds one active petroleum exploration license in Israel, the Megiddo-Jezreel License, comprising approximately 99,000 acres.

3.      The Company was founded in 2000 and is based in Dallas, Texas.  Its common stock trades on the NASDAQ Global Market ("NASDAQ") under the ticker symbol "ZN".

4.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Zion was either already or was likely to soon become the subject of an SEC investigation; and (ii) as a result, Zion' public statements were materially false and misleading at all relevant times.

5.      On July 11, 2018, Zion disclosed that the Company had received a subpoena to produce documents from the Fort Worth office of the SEC, informing Zion of the existence of a non-public, fact-finding inquiry into the Company.  Zion advised investors that its "response to the subpoena will necessarily entail significant costs and management's attention".

6.      On this news, the price of Zion common stock fell $0.44, or 11%, to close at $3.56 on July 12, 2018.

7.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.    The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

10.    Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Zion' principal executive offices are located within this Judicial District.

11.    In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12.    Plaintiffs, as set forth in the attached Certification, acquired Zion's securities at artificially inflated prices during the Class Period and were damaged upon the revelation of the alleged corrective disclosures.

13.    Defendant Zion is incorporated in Delaware, with principal executive offices located at 12655 North Central Expressway, Suite 1000, Dallas, Texas 75243.  Zion's common stock trades on the NASDAQ under the ticker symbol "ZN."

14.     Defendant Victor G. Carrillo ("Carrillo") has served at all relevant times as the Company's Chief Executive Officer.

15.     Defendant Michael B. Croswell Jr. ("Croswell") has served at all relevant times as the Company's Chief Financial Officer.

16.     The Defendants referenced above in ¶¶ 14-15 are sometimes referred to herein as the "Individual Defendants."

17.     The Individual Defendants possessed the power and authority to control the contents of Zion' SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

18.     Zion operates as an oil and gas exploration company in Israel. Zion currently holds one active petroleum exploration license in Israel, the Megiddo-Jezreel License, comprising approximately 99,000 acres.

4

**Materially False and Misleading Statements Issued During the Class Period**

19.     The Class Period begins on March 12, 2018, when Zion filed an annual report on Form 10-K with the SEC, announcing the Company's financial and operating results for the quarter and year ended December 31, 2018 (the "2018 10-K").  The 2018 10-K advised investors that "Zion's vision . . . of finding oil and/or natural gas in Israel, is biblically inspired", citing "biblical references alluding to the presence of oil and/or gas in territories within the State of Israel that were formerly within certain ancient biblical tribal areas."

20.     In the 2018 10-K, under the heading "Note 10 – Commitments and Contingencies", Zion provided merely the following non-specific representation with respect to the probability and/or impact of regulatory investigations involving the Company:

> A. Litigation
>
> From time to time, the Company may be subject to routine litigation, claims, or disputes in the ordinary course of business. The Company defends itself vigorously in all such matters. ***In the opinion of management, no pending or known threatened claims, actions or proceedings against the Company are expected to have a material adverse effect on its financial position, results of operations or cash flows.*** However, the Company cannot predict with certainty the outcome or effect of any such litigation or investigatory matters or any other pending litigation or claims. There can be no assurance as to the ultimate outcome of any such lawsuits and investigations.

(Emphasis added.)

21.     The 2018 10-K contained signed certifications by the Individual Defendants pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), stating that "the information contained in the [2018 10-K] fairly presents, in all material respects, the financial condition and results of operations of the Company as of the dates and for the periods presented in" the 2018 10-K.

22.     On March 26, 2018, an individual under the user name "FuzzyPandaShort" posted on the social media platform Twitter an excerpt from a letter purportedly received from the SEC

in response to a Freedom of Information Act ("FOIA") request for "all documents in possession of [the] SEC that pertain to investigations regarding Zion Oil & Gas (ZN) for the time period January 1, 2017 through March 1, 2018."  (*See* Fig. 1.)



(Fig. 1)

23.    The Twitter post highlighted language from the SEC stating that "[w]e are withholding records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A), 17 CFR § 200.80(b)(7)(i).   This exemption protects from disclosure records compiled for law enforcement activities."   From this, the Twitter user FuzzyPandaShort concluded that "Zion has an Undisclosed SEC Investigation."

24.    On March 27, 2018, Zion posted a statement on Twitter in response to FuzzyPandaShort's post, unequivocally stating that "There is no SEC investigation.   Merely indicators of a routine FINRA questionnaire that's standard after a steep rise of our stock recently."  (*See* Fig. 2.)



(Fig. 2)

25.     On April 13, 2018, *Probes Reporter* published a report entitled "New Data Introduces Uncertainty Regarding SEC Investigative Activity At Zion Oil & Gas."  The report stated, in relevant part:

> In a letter dated 06-Apr-2018, the SEC gave us a response to suggest the absence of recent SEC investigative activity at Zion Oil & Gas, Inc.  This new information is contrary to a posting made to Twitter on 26-Mar-2018, by someone unknown to us [FuzzyPandaShort].  We now have conflicting FOIA responses, on the same company, receive only weeks apart.
>
> * * * * *
>
> To us we simply have two conflict data points that require further work.  Until that work is complete, there remains a cloud of uncertainty regarding the data.
>
> We have already filed an administrative appeal, the results of which should give us better answers.  We will follow up when we learn more.

26.     On May 8, 2018, Zion filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended March 31, 2018 (the "Q1 2018 10-Q").  In the Q1 2018 10-Q, under the heading "Note 7 – Commitments and Contingencies", Zion again provided merely the following non-specific representation with respect to the probability and/or impact of regulatory investigations involving the Company:

> A. Litigation
>
> From time to time, the Company may be subject to routine litigation, claims, or disputes in the ordinary course of business. The Company defends itself vigorously in all such matters. ***In the opinion of management, no pending or known threatened claims, actions or proceedings against the Company are expected to have a material adverse effect on its financial position, results of operations or cash flows.*** However, the Company cannot predict with certainty

7

the outcome or effect of any such litigation or investigatory matters or any other pending litigation or claims. There can be no assurance as to the ultimate outcome of any such lawsuits and investigations.

(Emphasis added.)

27.    The Q1 2018 10-Q contained signed certifications by the Individual Defendants pursuant to SOX, stating that "the information contained in the [Q1 2018 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company as of the dates and for the periods presented in" the Q1 2018 10-Q.

28.    On May 30, 2018, *Probes Reporter* published a report entitled "New Data Confirms SEC Investigation at Zion Oil & Gas".  Referring back to its earlier report dated April 13, 2018, *Probes Reporter* stated, in relevant part:

> With conflicting FOIA responses on the same company, received only weeks apart, and the company having issued a public denial, we decided it was prudent to publish the data provided to us. We did so, on 13-Apr2018. Now, in an appeal response dated 15-May-2018, on-going SEC enforcement proceedings were confirmed at Zion Oil & Gas, Inc. ***This has not been disclosed.***
>
> <u>Our Take</u>: An appeal response is the gold standard when it comes to SEC FOIA responses. In this case the appeal confirmed on-going enforcement proceedings. ***The problem for Zion Oil & Gas is they flatly denied it back in March. We're going with the SEC on this one.***

(Emphases added.)

29.    On May 30, 2018, Zion again unequivocally denied the existence of an SEC investigation.  In a post on Twitter, Zion stated that "[t]here is no SEC investigation into Zion Oil & Gas, Inc." and advised investors to "[j]ust ignore such distortions."  (*See* Fig. 3.)



(Fig. 3)

30.     Later that day, in a second post on Twitter, Zion stated "Arm yourself with good information and how to spot false rumors" and published a link to an article on the website *Investopedia* entitled "Short and Distort: Bear Market Stock Manipulation".  (*See* Fig. 4.)



(Fig. 4.)

31.     The statements referenced in ¶¶ 19-21, 24, 26-27, and 29-30 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Zion was either already or likely to soon become the subject of an SEC investigation; and (ii) as a result, Zion' public statements were materially false and misleading at all relevant times.

## The Truth Begins to Emerge

32.     On July 11, 2018, Zion filed a current report with the SEC, announcing that "[o]n Thursday, June 21, 2018, Zion Oil & Gas, Inc. ('Zion' or 'Company') received a subpoena to

produce documents from the Fort Worth office of the Securities and Exchange Commission ('SEC'), informing Zion of the existence of a non-public, fact-finding inquiry into the Company." Zion further stated that its "response to the subpoena will necessarily entail significant costs and management's attention".

33.     On this news, the price of Zion common stock fell $0.44 per share, or 11%, to close at $3.56 per share on July 12, 2018.

34.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

35.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Zion securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

36.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Zion securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery, Plaintiffs believe that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Zion or its transfer agent and may be notified of

the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

37.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

38.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

39.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Zion;

- whether the Individual Defendants caused Zion to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Zion securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.   Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and

burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

41.    Plaintiffs will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Zion  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiffs and members of the Class purchased, acquired and/or sold Zion securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

42.    Based upon the foregoing, Plaintiffs and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

43.    Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

44.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

45.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

46.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiffs and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiffs and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Zion securities; and (iii) cause Plaintiffs and other members of the Class to purchase or otherwise acquire Zion securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

47.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to

influence the market for Zion securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Zion's finances and business prospects.

48.     By virtue of their positions at Zion , Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiffs and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

49.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Zion, the Individual Defendants had knowledge of the details of Zion's internal affairs.

50.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Zion.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Zion's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price

of Zion securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Zion's business and financial condition which were concealed by Defendants, Plaintiffs and the other members of the Class purchased or otherwise acquired Zion securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

51.     During the Class Period, Zion securities were traded on an active and efficient market.  Plaintiffs and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Zion securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiffs and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiffs and the Class, the true value of Zion securities was substantially lower than the prices paid by Plaintiffs and the other members of the Class.  The market price of Zion securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiffs and Class members.

52.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

53.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure

that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

54.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.    During the Class Period, the Individual Defendants participated in the operation and management of Zion, and conducted and participated, directly and indirectly, in the conduct of Zion's business affairs.  Because of their senior positions, they knew the adverse non-public information about Zion's misstatement of income and expenses and false financial statements.

56.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Zion's financial condition and results of operations, and to correct promptly any public statements issued by Zion which had become materially false or misleading.

57.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Zion disseminated in the marketplace during the Class Period concerning Zion's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Zion to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Zion within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Zion securities.

58.     Each of the Individual Defendants, therefore, acted as a controlling person of Zion.  By reason of their senior management positions and/or being directors of Zion, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Zion to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Zion and possessed the power to control the specific activities which comprise the primary violations about which Plaintiffs and the other members of the Class complain.

59.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Zion.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiffs as the Class representatives;

B.     Requiring Defendants to pay damages sustained by Plaintiffs and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiffs and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

Dated: August 9, 2018                         Respectfully submitted,

                                              /s/ Willie C. Briscoe
                                              Willie C. Briscoe
                                              Texas Bar No.: 24001788
                                              THE BRISCOE LAW FIRM, PLLC
                                              3131 McKinney Avenue, Suite 600
                                              Dallas, Texas 75204
                                              Telephone: 214-643-6011
                                              Facsimile: 281-254-7789
                                              wbriscoe@thebriscoelawfirm.com

                                              POMERANTZ LLP
                                              Jeremy A. Lieberman
                                              J. Alexander Hood II
                                              600 Third Avenue, 20th Floor
                                              New York, New York 10016
                                              Telephone:  (212) 661-1100
                                              Facsimile:  (212) 661-8665
                                              Email:  jalieberman@pomlaw.com
                                                      ahood@pomlaw.com

                                              POMERANTZ LLP
                                              Patrick V. Dahlstrom
                                              10 South La Salle Street, Suite 3505
                                              Chicago, Illinois 60603
                                              Telephone:  (312) 377-1181
                                              Facsimile:  (312) 377-1184
                                              Email:  pdahlstrom@pomlaw.com

                                              *Attorneys for Plaintiffs*