UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT W. PEAK and CINDY J. HURRELBRINK PEAK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ZION OIL & GAS INC., VICTOR G. CARRILLO, and MICHAEL B. CROSWELL, JR.,<br><br>Defendants. | § CIVIL ACTION NO. 3:18-CV-02067-L<br>§<br>§ **NOTICE OF MOTION AND MOTION OF**<br>§ **GEORGE P. RAMBO FOR**<br>§ **APPOINTMENT AS LEAD PLAINTIFF**<br>§ **AND APPROVAL OF COUNSEL, AND**<br>§ **MEMORANDUM OF LAW IN SUPPORT**<br>§<br>§ **CLASS ACTION**<br>§<br>§<br>§<br>§ |

George P. Rambo ("Movant") through counsel, hereby moves the Court pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

(a) appointing Movant as Lead Plaintiff in this action; and

(b) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel and Kendall Law Group, PLLC as Liaison Counsel for the litigation and all subsequently filed related litigations.

In support of this Motion, Movant submits: (1) a Memorandum of Law dated October 9, 2018; (2) Appendix Accompanying Movants' Motion, dated October 9, 2018; and (3) a [Proposed] Order Appointing Movants as Lead Plaintiff and Approving Movants' Selection of Counsel.

**CERTIFICATE OF COUNSEL**

Local Rule 7.1(a) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movants do not yet know which other entities or

2

persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movants respectfully requests that the conferral requirement of LR 7.1(a) be waived.

**MEMORANDUM OF LAW IN SUPPORT OF GEORGE P. RAMBO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

## INTRODUCTION

George P. Rambo ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)  appointing Movant as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of Zion Oil & Gas, Inc. ("Zion Oil & Gas" or the "Company") between March 12, 2018 through July 10, 2018, both dates inclusive (the "Class Period"); and

(b)  approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class, and the law firm of Kendall Law Group, PLLC as Liaison Counsel for the class.

## BACKGROUND

This action was commenced on August 9, 2018 against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a law firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in the action and the 60 day deadline for class members to move to be appointed as lead plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

Zion operates as an oil and gas exploration company in Israel. Zion currently holds one active petroleum exploration license in Israel, the Megiddo-Jezreel License, comprising approximately 99,000 acres.

The Complaint alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Zion was either already or was likely to soon become the subject of an SEC investigation; and (ii) as a result of the foregoing, Zion Oil & Gas's public statements were materially false and misleading at all relevant times.

On July 11, 2018, Zion disclosed that the Company had received a subpoena to produce documents from the Fort Worth office of the SEC, informing Zion of the existence of a non-public, fact-finding inquiry into the Company. Zion advised investors that its "response to the subpoena will necessarily entail significant costs and management's attention". On this news, the price of Zion common stock fell $0.44, or 11%, to close at $3.56 on July 12, 2018.

## ARGUMENT

### I.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A.   Movant Is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* App., Ex. 1. Additionally, as set forth in his certification, filed concurrently herewith, Movant has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* App., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.   Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be

rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost over a substantial amount on his purchases of Zion Oil & Gas securities. *See,* App. Ex. 3. Movant is not aware of any other person that has suffered greater losses in Zion Oil & Gas securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of

6

representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Zion Oil & Gas and its business. Movant, as did all of the members of the class, purchased shares of Zion Oil & Gas at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)   will not fairly and adequately protect the interest of the class; or
>
> (b)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses defendants could raise against him

7

that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Glancy Prongay & Murray LLP as Lead Counsel and Kendall Law Group, PLLC as Liaison Counsel. The firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* App., Exs. 4-5.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable these law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (a) appointing Movant as Lead Plaintiff of the class, (b) approving Glancy Prongay & Murray LLP as Lead Counsel and Kendall Law Group, PLLC as Liaison Counsel, and (c) granting such other relief as the Court may deem to be just and proper.

Dated: October 9, 2018                     Respectfully submitted,

**KENDALL LAW GROUP, PLLC**

By: */s/Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
Jamie J. McKey
Texas Bar No. 24025262
jmckey@kendalllawgroup.com
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Tel: (214) 744-3000
Fax: (214) 744-3015

[Proposed] Liaison Counsel for Plaintiffs and Class


**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
Email: LPortnoy@glancylaw.com

[Proposed] Co-Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October 2018, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Joe Kendall*
JOE KENDALL
