UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROBERT W. PEAK and CINDY J. HURRELBRINK PEAK**, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ZION OIL & GAS, INC., VICTOR G. CARRILLO, and MICHAEL B. CROSWELL, JR.**,<br><br>Defendants. | Civil Case No.  **3:18-CV-02067-L** |

## ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING LEAD COUNSEL

Before the court is the Motion of George P. Rambo for Appointment as lead Plaintiff and Approval of Counsel (Doc 9), filed October 9, 2018; and the Motion of Dennis Robertson and Melody Guy for Appointment as Lead Plaintiffs and Approval of Lead Counsel (Doc. 13), filed October 9, 2018.  On October 29, 2018, George P. Rambo filed a Notice of Non-Opposition (Doc. 16) to Dennis Robertson's and Melody Guy's Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel, and Riley Crumley and Virginia Victoria Rideout withdrew their Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel.  After reviewing the parties' motions, briefs, and other filings regarding this matter, the court determines that the Motion of Dennis Robertson and Melody Guy for Appointment as Lead Plaintiffs and Approval of Lead Counsel (Doc. 13) should be and is hereby **granted**, and that the Motion of George P. Rambo for Appointment as lead Plaintiff and Approval of Counsel (Doc 9) is **moot** and **denied**

for this reason in light of George P. Rambo's Notice of Non-Opposition. Accordingly, the court **orders** as follows:

1. Dennis Robertson ("Robertson") and Melody Guy ("Guy") are **appointed** as Lead Plaintiffs in the above captioned action, as both satisfy the requirements for Lead Plaintiffs pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

2. Lead Plaintiffs, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, have selected and retained Pomerantz LLP as Lead Counsel and The Briscoe Law Firm, PLLC as Liaison Counsel for the Class in the action, and Lead Plaintiffs' retention of the foregoing counsel is **approved**.

3. Lead Counsel **shall** have the following responsibilities and duties, which shall be carried out either personally or through counsel whom Lead Counsel shall designate to:

    (a)   coordinate the briefing and argument of motions;

    (b)   coordinate the conduct of discovery proceedings;

    (c)   coordinate the examination of witnesses in depositions;

    (d)   coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    (e)   call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time;

    (f)   coordinate all settlement negotiations with counsel for Defendants;

    (g)   coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    (h)   supervise any other matters concerning the prosecution, resolution or settlement of this Action.

4. To prevent duplicative pleadings or discovery by Plaintiffs, **no** motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiffs without the approval of Lead Counsel. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Counsel in any related action that is consolidated with this Action **shall** be bound by this organization of Plaintiffs' counsel.

6. Lead Counsel **shall** have the responsibility of receiving and disseminating court orders and notices.

7. Lead Counsel **shall** be the contact between Plaintiffs' counsel and **shall** direct and coordinate the activities of Plaintiffs' counsel.

8. Defendants **shall** effect service of papers on Plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs **shall** effect service of papers on Defendants by serving a copy of same on Defendants' counsel by overnight mail service, electronic or hand delivery.

9. During the pendency of this litigation, or until further order of this court, the parties **shall** take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information that is relevant or may lead to the discovery of information relevant to the subject matter of the pending litigation.

**It is so ordered** this 16th day of November, 2018.

Sam A. Lindsay
United States District Judge