UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT W. PEAK and CINDY J. HURRELBRINK PEAK, Individually and On Behalf of All Others Similarly Situated, §§§§§ Plaintiffs, § v. § ZION OIL & GAS, INC., VICTOR G. CARRILLO, and MICHAEL B. CROSWELL, JR., §§§§§ Defendants. § | Case No. 3:18-cv-2067 |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CORRECTED AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act ("PSLRA"), Defendants Zion Oil & Gas, Inc., Victor G. Carrillo, and Michael B. Croswell, Jr. ("Zion") file this motion to dismiss Plaintiffs' Corrected Amended Class Action Complaint (the "Complaint") (Dkt. 27).[1]  This motion sets forth the pleading standards and outlines the grounds for dismissal applicable to Plaintiffs' claims under the Exchange Act of 1934 and the Securities Act of 1933.  This motion is accompanied by a contemporaneously-filed brief setting forth the factual background and arguments.

EXCHANGE ACT CLAIMS

*<u>Pleading standard.</u>*  To state a securities fraud claim under Section 10(b)[2] and Rule 10b-5,[3] Plaintiffs must satisfy the well-known standard set forth in Rule 12(b)(6), as well as the

---

[1]  On January 22, 2019, Lead Counsel filed an Amended Complaint that neither referenced nor was signed by Lead Plaintiffs appointed by this Court.  (Dkt. No. 24.)  Only after Defendants' counsel reached out to Lead Plaintiffs' counsel to inquire about this issue did Lead Plaintiffs' counsel file the Corrected Complaint.  (Dkt. No. 27), which replaced the names of the original Peak Plaintiffs with the names of the Lead Plaintiffs.
[2]  Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b) (2012).
[3]  17 C.F.R. § 240.10b-5.

1

interlocking burdens imposed by Rule 9(b) and the PSLRA. Plaintiffs must plead: (1) a material false or misleading statement; (2) that each defendant acted with scienter concerning the fraud; (3) reliance; (4) damages; and (5) loss causation. *See Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 532 (5th Cir. 2008).

Rule 9(b) requires that the complaint state "*with particularity* the circumstances constituting fraud." Fed. R. Civ. P. 9(b) (emphasis added). The PSLRA further enhances the "particularity" requirement for pleading securities fraud under Rule 9(b). Enacted in 1995 in response to frustration with Rule 9(b)'s inability "to prevent abusive, frivolous strike suits," the goal of the PSLRA is to "prevent the abuse of federal securities laws by private plaintiffs*.*" *See Nathenson v. Zonagen Inc.*, 267 F.3d 400, 406–07 (5th Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 41 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 740).

To encourage the dismissal of meritless securities cases, the PSLRA enhanced the pleading requirement in two ways. First, the PSLRA requires not only that plaintiffs specify each allegedly false or misleading statement or omission, but they also must specify "the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief," the complaint must also "state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1) (2012); *see, e.g.*, *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) ("The PSLRA reinforces the particularity requirements of Rule 9(b), requiring the plaintiffs to state not only the time, place, the identity of the speaker, and the content of the alleged misrepresentation, but also to explain why the challenged statement or omission is false or misleading."). The pleading standards under the PSLRA are so rigorous that even cases involving illegal activity must be dismissed if Plaintiffs do not articulate the alleged fraud with particularity. *See, e.g.*, *Markman v. Whole*

2

*Foods Mkt., Inc.*, 269 F. Supp. 3d 779, 785–88 (W.D. Tex. 2017) (granting motion to dismiss even given assumption of widespread illegal activity where complaint failed to sufficiently allege securities fraud), *aff'd sub nom. Ems.' Ret. Sys. v. Whole Foods Mkt., Inc.*, 905 F.3d 892 (5th Cir. 2018). Since the allegations in the Complaint are not made on the basis of Plaintiffs' personal knowledge, they are necessarily made on information and belief—thereby triggering the PSLRA's requirement that a sufficient factual basis be alleged to support a claim that a statement was false when made. *ABC Arbitrage Pls. Grp. v. Tchuruk*, 291 F.3d 336, 351 (5th Cir. 2002). If the Complaint does not "plead with particularity *sufficient* facts to support" an allegation that a statement was false when made, it must be dismissed. *Id.* at 353 (emphasis in original). The Fifth Circuit has further cautioned that courts should not "strain to find inferences favorable to the plaintiffs and [should] not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotation marks omitted).

To plead an omission with particularity, the Complaint must "must plead with particularity the facts giving rise to a duty to disclose the material information." *Magruder v. Halliburton Co.*, No. 3:05-CV-1156-M, 2018 WL 7364867, at *2–4 (N.D. Tex. May 11, 2018) (footnote omitted); *see Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988) ("Silence, absent a duty to disclose, is not misleading under Rule 10b-5."); *see also* Order, *Magruder v. Halliburton Co.*, No. 3:05-cv-1156-M, at 10–11 (N.D. Tex. Mar. 12, 2019), ECF No. 100 (complaint that did "not allege any duty requiring Defendants to disclose the allegedly omitted information, and [did] not identify any public statement rendered materially misleading by its omission[,]" "fail[ed] to allege an actionable omission."). Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information"; rather, "[d]isclosure is

3

required . . . only when necessary to make . . . statements made, in the light of the circumstances under which they were made, not misleading." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011) (last alteration in original) (internal quotation marks omitted). "To the extent Plaintiffs suggest that an omission is so significant that any statement not disclosing the omission is misleading, the Court rejects the argument as inconsistent with the particularity requirement of the PSLRA." *Magruder*, 2018 WL 7364867, at *5.

Second, for each properly alleged misrepresentation, the PSLRA requires plaintiffs to state with particularity facts giving rise to a strong inference that the defendants acted with scienter. *See* 15 U.S.C. § 78u-4(b)(1)–(2); *see also R2 Invs.*, 401 F.3d at 642, 645 (observing that only strong inferences of scienter, not based on conclusory allegations or unwarranted deductions, survive a motion to dismiss). The Fifth Circuit defines scienter as an "intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *R2 Invs.*, 401 F.3d at 645 (quoting *Southland*, 365 F.3d at 366). Severe recklessness that satisfies the scienter requirement is "limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care." *Nathenson*, 267 F.3d at 408–09 (internal quotation marks omitted).

Under the PSLRA, a plaintiff must state with particularity facts giving rise to a strong inference that *each* defendant acted with scienter for *each* alleged misrepresentation. *See* 15 U.S.C. § 78u-4(b)(2); *see also Shaw Grp.*, 537 F.3d at 533 ("[T]his court has rejected the group pleading approach to scienter and instead looks to the state of mind of the individual corporate official or officials.").

As the Supreme Court has instructed, the "strong inference" of scienter necessary to satisfy the PSLRA cannot be met merely with "facts from which an inference of scienter rationally *could* be drawn," nor will an inference of scienter that is "merely 'reasonable' or 'permissible'" suffice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323–24 (2007). Rather, a § 10(b) claim can survive "only if a reasonable person would deem the inference of scienter *cogent and at least as compelling* as any opposing inference one could draw from the facts alleged." *Id.* at 324 (emphasis added).

Finally, in addition to the PSLRA heightened pleading burden, the plaintiff must also plead that the alleged misstatements caused the loss for which he seeks recovery. 15 U.S.C. § 78u-4(b)(4). Specifically, the plaintiff must allege facts showing "that the market reacted negatively to a corrective disclosure, which revealed the falsity of [the company's] previous representations." *Catogas v. Cyberonics, Inc.*, 292 F. App'x 311, 314 (5th Cir. 2008) (affirming dismissal for failure to adequately allege loss causation, explaining that *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), "made clear that there must be sufficient allegations that the misrepresentations caused plaintiffs' loss").

Plaintiffs' Section 20(a) claims for control person liability are derivative of primary claims under Section 10(b), and when there is no viable Section 10(b) claim, there can be no Section 20(a) claim. *See, e.g.*, *Shaw*, 537 F.3d at 545 (reversing trial court's denial of defendants' motion to dismiss plaintiffs' Section 20(a) claims where plaintiffs failed to adequately plead Section 10(b) violations).

**<u>Grounds for dismissal.</u>** Plaintiffs' Exchange Act claims (Compl. ¶¶ 147–162) should be dismissed for three separate reasons.

5

*First*, Plaintiffs do not satisfy their burden to plead with particularity that the alleged misrepresentations were false or misleading. Plaintiffs' own allegations and Zion's public filings on which the claims are based contradict the Complaint's assertion that Zion misled investors. The Complaint's reliance on third-party internet posts, opinion statements, and other publications do not suffice for pleading the required "who, what, when, where, and how" of the alleged fraud.

*Second*, Plaintiffs do not plead with particularity facts supporting a strong inference of scienter. The Complaint fails to allege scienter on a person-by-person and misrepresentation-by-misrepresentation basis and instead bases its scienter allegations on the type of "group pleading" that the Fifth Circuit has decided is insufficient to demonstrate any inference of scienter. The Complaint's reliance on the management positions of (unspecified) Defendants and corporate resignations are likewise insufficient, as courts routinely reject such allegations as providing any inference of scienter, much less a strong one. Finally, the Complaint's regurgitation of its falsity allegations also do not suffice to allege scienter. Instead, the inferences opposing scienter—inferences the Court must consider—are far more compelling than any conclusory pleading that unspecified "Defendants" knew they were defrauding investors or acted so recklessly as to consciously disregard the truth.

*Third*, Plaintiffs do not adequately plead loss causation. Plaintiffs allege only two supposedly "corrective" disclosures, neither of which "revealed the falsity" of the alleged misrepresentations. *Catogas*, 292 F. App'x at 314.

**SECURITIES ACT CLAIMS**

*Pleading standard.*   Section 11 "permits a securities purchaser to recover damages against, among others, signatories to a registration statement and directors of the issuer, if the registration statement 'contained an untrue statement of material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 861 (5th Cir. 2003) (quoting 15 U.S.C. § 77k(a)).

Unlike Exchange Act claims, standing to sue under the Securities Act is confined to investors who purchased directly in an offering or aftermarket purchasers who can "trace" their shares "for which damages are claimed to the *specific* registration statement at issue."  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 496 (5th Cir. 2005) (emphasis added).

"A *fact* is material 'if there is a substantial likelihood that a reasonable shareholder would consider it important' in making an investment decision."  *Kapps v. Torch Offshore, Inc.*, 379 F.3d 207, 213–14 (5th Cir. 2004) (quoting *Basic*, 485 U.S. at 231).  "For an *omission* to be material, 'there must be a *substantial* likelihood that the disclosure of the omitted fact would have been viewed by the *reasonable investor* as having *significantly* altered the "total mix" of information made available.'"  *Id.* at 214 (emphases in original) (quoting *Basic*, 485 U.S. at 231–32).

"Section 15 imposes joint and several liability upon defendants who control persons liable under §[] 11."  *Rosenzweig*, 332 F.3d at 862 (citing 15 U.S.C. § 77o). "The term *control* . . . means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405 (2017).  As a result, there is no liability under

Section 15 where a complaint fails to state a violation of the Securities Act.  *See Kapps*, 379 F.3d at 221.

>   <u>*Grounds for dismissal.*</u>  There are two grounds for dismissing the Securities Act claims.

>   *First*, Plaintiffs fail to plead facts demonstrating that they have standing to sue under the Securities Act.  Lead Plaintiffs do not even attempt to plead that their claims are traceable to any of the registration statements at issue.  The facts pleaded with respect to an additional named plaintiff demonstrate that his shares are not traceable.  Without standing to pursue the Securities Act claims, Plaintiffs cannot survive dismissal.

>   *Second*, the Complaint does not plead with particularity that any statement in any of the registration statements at issue was false or misleading.  The Complaint does not even point to a statement within such registration statements that Plaintiffs contend is misleading.  To the extent the Complaint asserts the registration statements omitted facts, the Complaint fails to plead or explain how the registration statements are misleading in light of the total mix of information available—including Zion's other public filings that the registration statements incorporate.  Accordingly, the Securities Act claims should be dismissed.

## CONCLUSION AND PRAYER

>   For the reasons set forth in this motion and the accompanying brief, this Court should dismiss the Complaint with prejudice and grant any such further relief to which Defendants are justly entitled.

Respectfully submitted,

BAKER BOTTS LLP

By: */s/ Jessica B. Pulliam*
    Jessica B. Pulliam
    Texas Bar No. 24037309
    Thomas E. O'Brien
    Texas Bar No. 24046543
    Jordan Kazlow
    Texas Bar No. 24101994
    2001 Ross Avenue, Suite 900
    Dallas, Texas 75201-2980
    United States
    Tel.: (214) 953-6500
    Fax: (214) 953-6503
    jessica.pulliam@bakerbotts.com
    tom.obrien@bakerbotts.com
    jordan.kazlow@bakerbotts.com

    Amy C. Heard
    Texas Bar No. 24097818
    910 Louisiana Street
    Houston, Texas 77002
    United States
    Tel.: (713) 229-1234
    Fax: (713) 229-1522
    amy.heard@bakerbotts.com

*Counsel for Defendants Zion Oil & Gas, Inc., Victor G. Carrillo, Michael B. Croswell*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2019, I electronically filed this document using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Jessica B. Pulliam*
Jessica B. Pulliam

9